FURST & THOMAS *v.* DEWBERRY.

Opinion delivered October 28, 1918.

TRIAL—DIRECTED VERDICT—CONFLICTING EVIDENCE.—Where, in an action on a contract entered into in this State, it was a defense that plaintiff constituted a foreign corporation doing business in this State without authority, and therefore not entitled to recover, and plaintiffs introduced testimony tending to prove that they were partners merely, and not a corporation, it was error to direct a verdict for defendants upon this issue.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

*W. D. Davenport,* for appellants.

1. Appellants were not a corporation. There is *no* evidence to that effect.

2. Nor is it proved that they were acting as the agent of a corporation. Appellants purchased the goods outright and the relation of vendor and vendee was established. 168 S. W. 182. See also 180 *Id.* 21; 163 *Id.* 662; 115 Ark. 166; 124 *Id.* 539; 115 *Id.* 166.

3. Appellants were partners. It was error to take the case from the jury.

WOOD, J. This is an action by the appellants against the appellees on an itemized account filed with the justice of the peace. The appellees do not dispute the account. They defended on the ground that Dewberry obtained goods under a contract which constituted him the agent of appellants for the sale of the goods, and that the relation between Dewberry and appellants was that of principal and agent, and not that of seller and purchaser. They further contend that appellants were a corporation, and had failed to comply with the law authorizing them to transact business in this State.

A contract was introduced in evidence which contained the recital that the contract was "entered into at Freeport, Ill., the 12th day of October, 1914, by and between Frank E. Furst and Fred G. Thomas, copartners doing business under the name of Furst & Thomas of Freeport, Ill., and W. A. Dewberry of Searcy, Arkansas." It is unnecessary, in the view we take, to set out any further provisions of the contract.

Frank E. Furst testified that he resided at Freeport, Ill., and was a member of the firm of Furst & Thomas, and that said firm was a partnership and not a corporation; that the firm of which he was a member was organized to sell goods under contracts like the one entered into with Dewberry; that the goods sold by the firm were proprietary medicines, flavoring extracts, toilet articles, spices, etc.; that some of the goods were purchased of the Furst-McNess Company, and some were not; that the McNess Company is a corporation, and that the witness owns some stock in said corporation; that the McNess corporation manufactured some of the parts sold by Furst

& Thomas. The witness was asked the following question: "State if it is not a fact that you simply acted as an agent for the McNess Company in the selling of those goods," and he answered that he purchased such of the goods as were manufactured by the Furst-McNess Company direct or outright from them, and the others from other firms.

"There was no assignment or commission on these orders to us from the Furst-McNess Company. The firm of Furst & Thomas received indirectly a benefit on the goods that were purchased by it from the McNess Company, and sold to W. A. Dewberry because the McNess Company made a profit on its sale, and Furst & Thomas had stock in that corporation. The goods furnished Dewberry were received by the firm of Furst & Thomas at its warehouse in Memphis, Tennessee, and were filled by that firm from goods carried in stock at that place."

Giving the above testimony its strongest probative value in favor of the appellants, it tended to prove that appellants were a firm of partners, not a corporation, and that as partners they entered into the contract with the appellees. At least, this testimony tended to prove that appellants were a firm of partners, and that they did not act as the agents of Furst-McNess Company, the corporation, in entering into the contract under which the account sued on was made. Such being the case, it was a question for the jury as to whether the appellants were a corporation and doing business in this State without authority.

The court erred in taking this issue from the jury and in instructing the jury to return a verdict in favor of the appellees. It is not necessary to pursue the matter further.

For the error indicated, the judgment is reversed and the cause is remanded for a new trial.